UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

ROBBOE PHILDELPHIA JAMES ROBERSON,

Plaintiff,

v.

STATE OF NORTH DAKOTA, U.S.N.D. FEDERAL COURT, ATTACHMENTS # WEBB FAMILY,

Defendants.

Civil No. 01-2116 (PAM/JMM)

REPORT AND RECOMMENDATION

Plaintiff, a prisoner at the North Dakota Penitentiary, has filed a civil rights action under 42 U.S.C. § 1983. He apparently is attempting to sue the State of North Dakota, the U.S. District Court for the District of North Dakota, and various other parties (whose identities are not readily apparent).

The matter is presently before the Court for review of Plaintiff's pleading pursuant to 28 U.S.C. § 1915A(a), and for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. For the reasons discussed below, the Court finds that Plaintiff has failed to state any claim on which relief can be granted. It will therefore be recommended that the action be dismissed pursuant to 28 U.S.C. § 1915A(b).

## I. BACKGROUND

Plaintiff's complaint in this matter is virtually unintelligible. As far as the Court can tell, Plaintiff believes that he is being wrongly incarcerated by the State of North Dakota, because his state court conviction(s) and sentence(s) were the result of some type

FILED NOV 27 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

of illegal conspiracy. However, it is impossible to tell exactly why Plaintiff believes that his imprisonment is invalid. The only part of Plaintiff's pleading that is readily understandable is found in his prayer for relief, where he clearly states: "I want my release from prison." (Complaint, [Docket No. 1], p. 4, § V.)

## II. DISCUSSION

Because Plaintiff is a prisoner who is seeking redress from governmental entities, (namely the State of North Dakota, and the North Dakota federal district court), his pleading must be screened in accordance with the procedures prescribed by 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in every prisoner civil action brought against governmental agents or entities "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. To the extent that the pleading, on its face, fails to state a cognizable claim, it must be dismissed. 28 U.S.C. § 1915A(b)(1).

Here, the action must be dismissed in its entirety pursuant to § 1915A(b)(1), because Plaintiff's claims are barred under the principles discussed by the Supreme Court in Preiser v. Rodriguez, 411 U.S. 475 (1973) and Heck v. Humphrey, 512 U.S. 477 (1994). In both of those cases, the Court held that an individual in state custody cannot challenge the propriety of his or her confinement in a federal civil rights action. Habeas corpus is the exclusive federal remedy for a person who believes that he or she is wrongly incarcerated. Heck, 512 U.S. at 481, citing Preiser, 411 U.S. at 488-490; see also, Sheldon v. Hundley, 83 F.3d 231, 233 (8th Cir. 1996).

In the instant case, it is readily apparent that Plaintiff is challenging the propriety of his confinement at the North Dakota Penitentiary. Indeed, he is expressly asking this Court to effect his release from prison. According to Preiser and Heck, however, Plaintiff cannot challenge the fact or duration of his confinement in a civil rights action such as this one. Habeas corpus is the sole federal remedy by which Plaintiff can secure his release from custody.

Even when a prisoner-plaintiff demands only money damages, he cannot bring a civil rights action that would effectively "call into question the lawfulness of [his] conviction or confinement." Heck, 512 U.S. at 483. See also Sheldon v. Hundley, 83 F.3d at 233 ("Heck requires favorable termination of the action in an authorized state tribunal or a federal habeas corpus court, even if the claim is for damages rather than earlier release"). In this case, Plaintiff is claiming that his confinement is unconstitutional. Needless to say, any judgment in Plaintiff's favor on that claim would necessarily cast doubt on the validity of his confinement. For this reason, Plaintiff's civil rights claims are barred by Heck, regardless of the type of relief he may be seeking.

Under different circumstances, Plaintiff's current pleading might be construed as an application for federal habeas corpus relief so that it could properly be entertained here. See Offet v. Solem, 823 F.2d 1256, 1257 (8th Cir. 1987); Feeney v. Auger, 808 F.2d 1279, 1280-81 (8th Cir. 1986); but see Copus v. City of Edgerton, 96 F.3d 1038, 1039 (7th Cir. 1996) (holding that a civil rights action that is barred by Heck should be dismissed, and should not be converted to a habeas case). That cannot be done in this case, however, because there is no indication that Plaintiff has exhausted his state court remedies, as required by 28 U.S.C. § 2254(b)(1)(A). See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999) ("the state

prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition"). Furthermore, even if Plaintiff were eligible for habeas relief, he would have to seek such relief in the state where he was convicted and is now incarcerated – namely North Dakota. See U.S. v. Monteer, 556 F.2d 880, 881 (8th Cir. 1977) ("[h]abeas corpus jurisdiction lies only when petitioner's custodian is within the jurisdiction of the district court").

## III. CONCLUSION

Again, Plaintiff has failed to state a claim on which relief can be granted, because he cannot challenge the validity of his current confinement in a federal civil rights action. Because Plaintiff has failed to plead a cognizable claim for relief, this action must be summarily dismissed pursuant to 28 U.S.C. § 1915A(b). It follows that Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 3), must also be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii). Notwithstanding the dismissal of this action, Plaintiff will remain liable for the unpaid balance of the $150 filing fee.[1] He has not paid any part of the fee to date, so he still owes the full $150 at this time. Prison officials at the North Dakota Penitentiary will have to deduct that amount from Plaintiff's institutional trust account and

[1] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2). Finally, the dismissal of this action should count as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

**IV. RECOMMENDATION**

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 3), be **DENIED**;

2. This action be **SUMMARILY DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A(b)(1);

3. Plaintiff be required to pay the unpaid balance of the Court filing fee, namely the full $150, in accordance with 28 U.S.C. § 1915(b)(2); and

4. For purposes of 28 U.S.C. § 1915(g), this action be dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted."

Dated: 11/27, 2001

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before December 12, 2001, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.